UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW BOOK,

                               Plaintiff,

      v.                                            3:05-cv-0875

WAYNE MOULTON, FRANK LAVORE,
GARY HOWARD, and the SHERIFF'S OFFICE
of TIOGA COUNTY,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff, appearing *pro se*, commenced the instant action alleging violations of his First, Fourth, Fifth and Fourteenth Amendment rights arising out of a traffic stop on June 13, 2005. Presently before the Court is Plaintiff's motion to strike Defendants' affirmative defenses.

      Plaintiff's primary basis for his motion is that the affirmative defenses are conclusory and fail to provide a factual or legal basis. For example, Defendants' first affirmative defense states that "[t]he Defendants at all times acted in good faith and within the law and in keeping with their responsibilities as sworn law enforcement officers." Plaintiff moves to strike on the ground that the Answer fails to specify the exact date and times of Defendant's good faith. Plaintiffs arguments to strike many of the other affirmative defenses are similar.

Pursuant to Fed. R. Civ. P. 8(b), "[a] party shall state in short and plain terms the party's defenses to each claim." Under Rule 8(c), "a party shall set forth . . . any other matter constituting . . . an affirmative defense." As the Fifth Circuit has noted:

> An affirmative defense is subject to the same pleading requirements as is the complaint. Even though the aim of the relaxed notice pleading standards of Federal Rule of Civil Procedure 8 is to prevent parties from being defaulted for committing technical errors, a defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced. We acknowledge that in some cases, merely pleading the name of the affirmative defense . . . may be sufficient. . . The "fair notice" pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.

Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (internal citations, quotations and footnotes omitted). The Court has reviewed Defendants' Answer and finds that it sufficiently complies with Rule 8 because it gives Plaintiff fair notice of their defenses. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). To the extent Plaintiff seeks additional information surrounding Defendants' asserted defenses, he may avail himself of the discovery process. Id. If, after the discovery process, Plaintiff believes that certain or all of Defendants' affirmative defenses are legally or factually without merit, they may be challenged at trial or on a motion for summary judgment. Id.

Plaintiff moves to strike Defendants' Ninth and Tenth Affirmative defenses on the ground that they are legally deficient. Defendants' Ninth Affirmative defense states that "[t]he action filed herein is an action without merit or substance and is legally frivolous." The Tenth Affirmative defense states that "[t]he commencement and pursuit of this action by the Plaintiff, is, upon information and belief, for retaliatory purposes, without basis or justification, and said action is filed in violation of FRCP Rule 11, and the Defendants are entitled to

sanctions for the filing of this action and for expenses, costs, and reasonable attorney's fees, in regard thereto." Although these may not be traditional affirmative defenses, the Court will not strike them because they put Plaintiff on notice of Defendants' intention to prove that this matter is legally frivolous and brought for an improper purpose and, therefore, that Plaintiff could be held accountable for attorneys' fees. See 42 U.S.C. § 1988.

Plaintiff also moves to strike Defendant's Fourth Affirmative Defense which provides that all state law claims should be dismissed for failure to file a notice of claim. Plaintiff contends that a notice of claim is not required for actions under 42 U.S.C. § 1983. Plaintiff's legal assertion is correct, but irrelevant to Defendants' defense. Because Plaintiff appears to be asserting claims under state law, this is a proper defense.

Plaintiff also contends that Defendants circumvented the "safe harbor" provisions of Fed. R. Civ. P. 11 (c)(1)(A). Plaintiff is incorrect because, although Defendants mention Rule 11 in their Answer, they have not filed a motion for sanctions under Rule 11.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is DENIED.

IT IS SO ORDERED.

Dated: December 6, 2005

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge