IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ANDREW BOOK,

              Plaintiffs,

    vs.                                    Civ. Action No.
                                          3:05-CV-0875 (TJM/DEP)

WAYNE MOULTON, *et al.*,

              Defendants.

_____

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFFS:

ANDREW BOOK, *Pro Se*

FOR DEFENDANTS:

OFFICE OF FRANK MILLER        FRANK MILLER, ESQ.
6296 Fly Road
East Syracuse, New York 13057

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

On January 5, 2006 the court conducted a digitally recorded telephone conference in this action involving the plaintiff, who is proceeding *pro se*, and defendants' attorney, Frank W. Miller, Esq. The purpose of the conference was to address a letter from the plaintiff, dated

December 22, 2005, which letter has been treated by the court as a request for a discovery conference.[1]

During the conference the parties discussed certain written discovery requests served by the plaintiff upon the defendants on or about October 1, 2005, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. The court was informed that the defendants have now responded to those requests, and that the delay in doing so was attributable to the holidays, counsel's inability to consult with his clients, and the death of a relative of the person involved in assisting in the preparation of those responses.[2]

As the conference progressed it became clear that prior to eliciting the court's assistance, the plaintiff had not fulfilled his obligation to confer in good faith <u>and in detail</u> with defendants' counsel concerning the

---

[1] During the conference plaintiff insisted that his letter constitutes a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. This is not the case. Northern District of New York Local Rule 7.1(b)(2) requires that permission be given before a non-dispositive motion is filed, providing that "[a] court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge." *See* N.D.N.Y.L.R. 7.1(b)(2). Only <u>incarcerated</u>, *pro se* parties are exempted from this requirement, which is reiterated in Local Rule 7.1(d) and specifically governs discovery related motions. No such permission was given to the plaintiff.

[2] Nothing contained in this order should be construed as condoning a party's failure, absent agreement of the opposing side or court ordered extension, to meet a deadline for responding to discovery requests.

2

discovery issues raised in his letter and during the conference, in an attempt to arrive at a mutually satisfactory resolution, as required under Local Rule 7.1(d). The court therefore explained both that requirement and its underlying purpose. From the discussion which took place the court has concluded that there were several areas of disagreement that could have been resolved, had the parties conferred as contemplated by the governing rule.

     I note that during the conference, the plaintiff directed several insults toward the defendants' attorney. In addition, the plaintiff's conduct made it difficult for the court to maintain an orderly proceeding. Both parties are advised that the court expects civility in litigation from represented and unrepresented litigants alike, and are encouraged to work together collaboratively to move this case forward to trial or disposition on motion.

     Near the close of the conference it appeared to the court that the plaintiff may have disconnected from the telephone conference prior to its completion. Plaintiff is admonished that if indeed he did hang up on the court, any further conduct of that nature will not be tolerated and will result in the imposition of sanctions, which could include a recommendation that his complaint be dismissed. In addition, the plaintiff is directed that

whenever possible communications with the court should be in writing, with copies to defendants' counsel, directed to the clerk's office. In the event plaintiff finds it necessary to communicate with the court by telephone, such contacts should be made through the clerk's office, and *not* to chambers, and plaintiff should not become argumentative during such telephone conversations. The plaintiff should bear in mind that just as the court expects its staff to act in a professional manner in responding to questions from parties and the public, it expects litigants to do likewise.

Based upon the foregoing, it is hereby

ORDERED as follows:

1) Plaintiff's request for court intervention in connection with written discovery requests served on or about October 1, 2005 is DENIED, based upon the fact that the responses to those requests have now been received, and plaintiff has failed to confer in good faith with defendants' counsel concerning any perceived shortcomings in those responses.

2) In the event that plaintiff wishes to pursue the matter he is directed to confer, in writing, with defendants' counsel <u>specifically</u>

indicating what documents he believes exist within the possession, custody or control of the defendants and are relevant to the claims and defenses in the case, but which have not yet been produced, and/or what interrogatory responses are deemed by him to be deficient, and in what manner.  Thereafter, the parties must engage in written dialogue based upon the defendants' response to that request.  If, and only when, the parties have arrived at a genuine impasse over issues raised by the plaintiff despite undertaking this process may plaintiff then apply to the court, by concise letter with a copy to defendants' counsel, for a conference to discuss any unresolved discovery issue further.

3)   Plaintiff is directed to maintain civility in his future communications with defendants' counsel, as well as with court personnel.

4)   The clerk is directed to promptly forward copies of this order to defendants' counsel electronically and to the plaintiff by first class mail. The copy of this order sent to the plaintiff shall also include copies of

Northern District of New York Local Rule 7.1 and the New York State Bar Association's Guide to Civility in Litigation.

                                             _____
                                             David E. Peebles
                                             U.S. Magistrate Judge

Dated:      January 11, 2006
            Syracuse, New York