UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW BOOK,

                        Plaintiff,

      v.                                                 3:05-cv-0875

WAYNE MOULTON, *et al.*,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

**I.    INTRODUCTION**

       This action arises out of a traffic violation which occurred on June 13, 2005. Following the incident, in which Plaintiff Andrew Book was issued a traffic ticket, he filed a civil action against Defendants Wayne Moulton, Frank Lavore, Gary Howard and the Tioga County Sheriff's Office, alleging various violations of his civil rights. Plaintiff now appeals the order of Magistrate Judge David E. Peebles which 1) denied Plaintiff's request for court intervention in connection with discovery; 2) ordered Plaintiff to engage in written dialogue with Defendant in an effort to resolve discovery disputes; and 3) directed Plaintiff to maintain civility in his communications with Defendant's counsel and with the Court. Plaintiff further moves to disqualify Magistrate Judge Peebles.

## II.     FACTS

On January 5, 2006, a telephone conference was held with Plaintiff, who is proceeding pro se, Defendants' attorney, Frank W. Miller, Esq., and Magistrate Judge Peebles.  The conference, which was digitally recorded and which this Court has reviewed, was held in response to a letter from Plaintiff dated December 22, 2005 to address discovery issues.  During the course of the conference, Judge Peebles learned that Defendants had responded to written discovery requests several days prior to the conference.  Defendants' response was untimely. According to Defendants' counsel, the delay of the discovery production was attributable to the holidays, as well the death of a family member of one of the people whose assistance was necessary in preparing the responses.

In his order, Judge Peebles noted that "the plaintiff's conduct made it difficult for the court to maintain an orderly proceeding" throughout the conference; Plaintiff directed several insults at Defendants' attorney; Plaintiff was reminded on several occasions that he should not interrupt Magistrate Judge Peebles; and Plaintiff appeared to have disconnected from the telephone prior to the completion of the conference.  Magistrate Judge Peebles further found that Plaintiff had not discussed with Defendants their responses and objections to Plaintiff's discovery requests.  Magistrate Judge Peebles denied Plaintiff's request for court intervention in connection with discovery, ordered Plaintiff to engage in written dialogue with Defendant in an effort to resolve discovery disputes, and directed Plaintiff to maintain civility in his communications with Defendant's counsel and with the court.  Plaintiff now appeals from that order and further moves to disqualify Judge Peebles.

## III.   DISCUSSION

### a.   Appeal of Magistrate Judge Peebles' Order

Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure imposes a requirement by which a motion to compel disclosure must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."  This Rule is further supported by Northern District of New York Local Rule 7.1(d) which states:

> The moving party must confer in detail with the opposing party concerning the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Failure to do so may result in denial of a motion to compel discovery and/or imposition of sanctions.

There are no facts which support Plaintiff's assertion that Defendant's counsel was responsible for the failure of the parties to undertake good faith efforts to resolve the discovery disputes.  Although Defendants' production was untimely, it was provided to Plaintiff and Plaintiff has failed to demonstrate that he made a good faith effort to discuss the outstanding discovery issues with defense counsel before seeking court intervention. Defendants' counsel has shown himself to be ready and willing to communicate with Plaintiff in writing.  It is within the Magistrate Judge's discretion to order a continued attempt to confer in good faith, particular, where, as in this case, Plaintiff did not make a reasonable effort to address his concerns directly with Defendants' attorney.  Accordingly, this Court agrees with Magistrate Judge Peebles that Plaintiff's request for a discovery conference and/or a motion to compel discovery is premature.

   b.  <u>Motion for the Disqualification of Magistrate Judge</u>

Next, Plaintiff seeks to disqualify Magistrate Judge Peebles because a perceived appearance of bias. A judge may be disqualified due to an appearance of partiality, bias or prejudice. 28 U.S.C.A. § 455. A party may have another judge assigned by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C.A. § 144. "The determination of whether [an appearance of partiality] has been created is an objective one based on what a reasonable person knowing all the facts would conclude." <u>Chase Manhattan Bank v. Affiliated FM Ins. Co.</u>, 343 F.3d 120, 127 (2d Cir. 2003).

  The Court has reviewed Plaintiff's numerous allegations of bias and finds them to be unsubstantiated. Adverse rulings against a party are an insufficient basis upon which to find the appearance of bias. <u>United States v. IBM Corp.</u>, 618 F.2d 923, 929 (2d Cir. 1980); See also, <u>Mirra v. U.S.</u>, 379 F.2d 782 (C.A.N.Y. 1967). Similarly, Judge Peeble's efforts to ensure decorum and respect for the judicial process does not evidence partiality, bias or prejudice. "Every trial judge is charged with the primary responsibility of ensuring that the judicial proceedings over which he presides are carried out with decorum and dispatch and thus has very broad discretion in ordering the day-to-day activities of his court." <u>CBS, Inc. v. Young</u>, 522 F.2d 234, 241 (6th Cir.1975). The Court has reviewed Plaintiff's other allegations and finds them to be without merit. Accordingly, the Court finds that Plaintiff has failed to meet the standard for disqualification.

**IV. CONCLUSION**

Based upon the foregoing, the order of the Magistrate Judge is AFFIRMED, and the motion for disqualification is DENIED.

IT IS SO ORDERED.

Dated: February 25, 2006

Thomas J. McAvoy
Senior, U.S. District Judge