UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANDREW BOOK,

                              Plaintiff,

              v.                                3:05-CV-0875 (TJM/DEP)

WAYNE MOULTON,
FRANK LAVORE,
GARY HOWARD, and the
SHERIFF'S OFFICE OF
TIOGA COUNTY,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
United States District Judge

## DECISION and ORDER

        Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. § 1983 claiming various civil rights violations.  On April 20, 2006, Defendants Wayne Moulton, Frank Lavore, Gary Howard, and the Tioga County Sheriff's Office moved pursuant to Federal Rule of Civil Procedure 37(a)(2)(A) to compel disclosure or dismiss this action.  Defendants allege that Plaintiff failed to submit mandatory disclosures as required by Federal Rule of Civil Procedure 26.  The disclosure was due by December 20, 2005.  There is no evidence in the record that Plaintiff made any such disclosure.  The record further reveals that Plaintiff did not comply with repeated requests for disclosure by the defense and became belligerent during a discovery-related phone conference with defense counsel and Magistrate Judge Peebles.

        Plaintiff also alleged that, during the course of this litigation, counsel for the Defendants engaged in misconduct involving documents submitted to the Court.  This matter

was referred to the Hon. Gustave J. DiBianco, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). An evidentiary hearing to explore Plaintiff's allegations of misconduct occurred on May 31, 2006. Plaintiff failed to attend, even though he was notified of the date and location. The hearing proceeded in Plaintiff's absence.

Judge DiBianco found Plaintiff's allegations to be without merit and recommended that the claim of misconduct be dismissed in its entirety. Further, Judge DiBianco recommended that Plaintiff be ordered to show cause why sanctions should not be imposed upon him for filing baseless complaints concerning Attorney Miller's conduct. In addition, Judge DiBianco recommended that Attorney Miller be allowed fifteen (15) days to submit to the Court a request for attorneys fees associated with the defense of the frivolous claim of misconduct. No objections to the June 6, 2006 Report-Recommendation have been raised. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report-Recommendation for the reasons stated therein and DISMISSES Plaintiff's claim of misconduct against Frank W. Miller, Esq. in its entirety.

On May 24, 2006 the Plaintiff notified the Court that he would no longer be pursuing this action due to the alleged animosity and bias of the court.[1] The Court will treat Plaintiff's letter as a request for voluntary dismissal, which request is hereby GRANTED.

Accordingly, it is Ordered that:

---

[1] The Court harbors no animosity towards, or bias against, Plaintiff.

1.  Plaintiff show cause within fifteen days from the date of this order why he should not be sanctioned for filing a frivolous and baseless complaint against Attorney Miller. Plaintiff's response shall be in the form of an affidavit not to exceed five pages in length;

2.  Within fifteen days of the date of this Order, Attorney Miller may submit a request for attorneys' fees associated with the defense of the frivolous claim of misconduct;

3.  The case shall be DISMISSED, pursuant to Federal Rule of Civil Procedure 41(a)(2); and

4.  Upon resolution of the issue of sanctions against Plaintiff and the request for attorneys' fees, if any, the Clerk of the Court shall close the file in this case.

IT IS SO ORDERED.

Dated:   September 12, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge